**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| ————————————————————— x | |
| : | |
| In re: : | Case No. 09-23371 (ASD) |
| : | |
| MICHAEL S. GOLDBERG, : | Chapter 7 |
| Debtor. : | |
| : | |
| ————————————————————— x | |

**UNITED STATES TRUSTEE'S REPORT**
**OF CHAPTER 7 ELECTION CONTROVERSY**

Diana G. Adams, United States Trustee for Region 2 (the "United States Trustee"),

hereby submits her Report of Chapter 7 Election Controversy (the "Report"), under 28 U.S.C. §

586(a)(3), 11 U.S.C. § 702 and Fed. R. Bankr. P. 2003, with respect to a trustee election (the

"Election"), held on December 21, 2009 in the chapter 7 case of Michael S. Goldberg (the

"Debtor"), and respectfully represents:

**I.      INTRODUCTION**

On November 27, 2009, creditors JAAZ, L.L.C. ("JAAZ"), represented by Attorney

James Tancredi, and Bruce Weinstein ("Weinstein"), Bruce and Kathleen Weinstein Family L.P.

("Weinstein Family"), and McGee Boynton Beach, L.P. ("McGee"), represented by Attorney

William Fish made an oral request to the United States Trustee for an election of a trustee in the

Debtor's chapter 7 case.[1]  JAAZ, Weinstein, Weinstein Family and McGee followed up with a

written request in a letter dated December 18, 2009.  On December 21, 2009, the United States

---

[1] Weinstein, Weinstein Family and McGee simultaneously made an oral request to the United
States Trustee for an election of a trustee in the chapter 7 case of Michael S. Goldberg, L.L.C., Case
Number 09-23370.  The United States Trustee is filing a Report of Chapter 7 Election Controversy in
case number 09-23370 contemporaneously with the filing of this report.

Trustee conducted the Election, under 11 U.S.C. § 702, at the initial meeting of creditors held

under 11 U.S.C. § 341(a) (the "Section 341 Meeting") in the Debtor's case.[2]

For the reasons set forth in this Report, the United States Trustee is unable to certify that

the requirements for the Election, as set forth in Section 702, were met.[3]  Issues raised in the

Election that require resolution are as follows:

A.    Whether the election of the trustee, James Berman, Esquire of Zeisler and Zeisler,

P.C., 558 Clinton Avenue, Bridgeport, Connecticut 06605, was requested by

creditors holding at least 20 percent in amount of claims of a kind specified in

specified in 11 U.S.C. § 702(a)(1) that are held by creditors that may vote under

11 U.S.C. § 702(a); and

B.    Whether James Berman received the votes of creditors holding a majority in

amount of claims specified in 11 U.S.C. § 702(a)(1) that are held by creditors that

vote for a trustee.

## II.    LEGAL FRAMEWORK

### A.    Bankruptcy Code Provisions

A trustee election in a chapter 7 case is governed by 11 U.S.C. § 702, which provides

that:

(a)    A creditor may vote for a candidate for trustee only if such creditor -

---

[2] Because Attorneys Fish and Tancredi indicated that they would be requesting an expedited hearing on this matter, a transcript of the 341 meeting has not been prepared as of the filing of this report. The United States Trustee will send, via overnight delivery, a copy of the recording to the Court and Attorneys Fish and Tancredi.

[3] In which event, the interim trustee, John J. O'Neil, would become permanent trustee by operation of 11 U.S.C. § 702(d).

(1)     holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under sections 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h), or 766(i) of this title;

(2)     does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and

(3)     is not an insider.

(b)     At the meeting of creditors held under section 341 of this title, creditors may elect one person to serve as trustee in the case if election of a trustee is requested by creditors that may vote under subsection (a) of this section, and that hold at least 20 percent in amount of the claims specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section.

(c)     A candidate for trustee is elected trustee if -

(1)     creditors holding at least 20 percent in amount of the claims of a kind specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section vote; and

(2)     such candidate receives the votes of creditors holding a majority in amount of claims specified in subjection (a)(1) of this section that are held by creditors that vote for a trustee.

11 U.S.C. § 702.

Section 702 sets forth a two-step process for the election of a trustee in a chapter 7 case.

*See, e.g., In re Oxborrow*, 913 F.2d 751, 753 (9th Cir. 1990); *In re Lake States-Commodities, Inc.*, 173 B.R. 642, 646 (Bankr. N. D. Ill. 1994); *In re Blanchard Management Corp.*, 10 B.R. 186, 189 (Bankr. S.D.N.Y. 1981); and *In re Lindell Drop Forge Co.*, 111 B.R. 137, 144 (Bankr. W. D. Mich. 1990).  First, twenty percent of eligible unsecured creditors must actually seek an

election. *Blanchard Managemen*t,10 B.R. at 188. Second, if the election was properly

requested, a trustee is elected if at least twenty percent of eligible claims voted and the trustee

received a majority of the votes cast. *Id*.

The purpose of Section 702 is to ensure that an election is creditor driven rather than

attorney driven. *In re Michelex*, 195 B.R. 993, 1003 (Bankr. W. D. Mich. 1996). The

> procedure under the Code makes it more difficult for a trustee to be elected unless
> there is actual creditor interest in the case. The Code's 20 percent requirement
> discourages attorney control and attempts to revitalize the idea of true creditor
> control.

*Blanchard Management*, 10 B.R. at 189; *see also In re Eddie Haggar, Ltd., Inc*., 190 B.R. 281,

285 (Bankr. N. D. Tex. 1995) (the voting restrictions of Section 702 are meant to prevent the

election of a trustee who will not protect the interests of all creditors).

### 1.      The Universe of Claims

Section 702 requires a determination of the universe of eligible unsecured claims that is

the basis for the calculation of the twenty percent thresholds for requesting an election and

voting. *Michelex*, 195 B.R. at 999. Courts have used three methods to calculate the universe of

claims. For example, the Court in *Michelex* held that the debtor's Schedule F and proofs of

claim filed before the election are to be used to determine the universe of claims. *Id.* at 1006 n.4

and 1008; *see also In re American Eagle Mfg., Inc.*, 231 B.R. 320, 329 (B.A.P. 9th Cir. 1999)

(the twenty percent threshold is determined by reference to the debtor's schedules, as well as the

proofs of claim actually on file as of the section 341(a) meeting); *accord In re San Diego*

*Symphony Orchestra Association*, 201 B.R. 978, 981 (Bankr. S. D. Cal. 1996). The second

approach is to refer only to Schedule F, even though creditors have filed proofs of claim. *Lindell*

*Drop Forge*, 111 B.R. at 145.  The third approach is to determine the universe of claims solely

based on the proofs of claim filed at the time of the election.  *Lake States Commodities, Inc.*, 173

B.R. at 646; *accord In re Baton Rouge Marine Repair and Drydock, Inc.*, 57 B.R. 19 (Bankr. M.

D. La. 1985).

### 2. Creditors Entitled to Request an Election

Under Section 702, only creditors which (a) hold "allowable, undisputed, fixed,

liquidated, unsecured claims entitled to distribution under sections 726(a)(2), 726(a) (3), 726(a)

(4), 752(a), 766(h), or 766(i)," (b) do not have an interest materially adverse to other unsecured

creditors, and (c) are not insiders, may request an election.  11 U.S.C. § 702(a) and (b).  *See also*

*Lindell Drop Forge*, 111 B.R. at 145 (request for election was invalid because holders of secured

and priority claims were not entitled to request the election and the only qualified creditor held

only 2.5% of the claims in the case).

### 3. Creditors Entitled to Vote

If an election has been properly requested, then Section 702 requires that qualified

creditors holding at least twenty percent in amount of the claims specified in Section 702(a)

actually vote in the election.  *See Michelex*, 195 B.R. at 999.  If the twenty percent threshold is

met, the candidate who receives a majority of the votes by amount of claim will be elected

trustee. *See Blanchard Management*, 10 B.R. at 189.

### B. Federal Rules of Bankruptcy Procedure

Fed. R. Bankr. P. 2003(b)(3) governs the right to vote in an election.  Rule 2003(b)(3)

provides that:

(3) *Right to Vote.*  In a chapter 7 liquidation case, a creditor is entitled to vote at a meeting if, at or before the meeting, the creditor has filed a proof of claim or a writing setting forth facts evidencing a right to vote pursuant to § 702(a) of the Code unless objection is made to the claim or the proof of claim is insufficient on its face.  A creditor of a partnership may file a proof of claim or writing evidencing a right to vote for the trustee for the estate of a general partner notwithstanding that a trustee for the estate of the partnership has previously qualified.  In the event of an objection to the amount or allowability of a claim for the purpose of voting, unless the court orders otherwise, the United States Trustee shall tabulate the votes for each alternative presented by the dispute and, if resolution of such dispute is necessary to determine the result of the election, the tabulation for each alternative shall be reported to the court.

Fed. R. Bankr. P. 2003(d)(2) sets forth the duties of the United States Trustee with

respect to a disputed election.  Rule 2003(d)(3) provides:

(2) *Disputed Election.*  If the election is disputed, the United States trustee shall promptly file a report stating that the election is disputed, informing the court of the nature of the dispute, and listing the name and address of any candidate elected under any alternative presented by the dispute.  No later than the date on which the report is filed, the United States trustee shall mail a copy of the report to any party in interest that has made a request to receive a copy of the report.  Pending disposition by the court of a disputed election for trustee, the interim trustee shall continue in office.  Unless a motion for the resolution of the dispute is filed no later than 10 days after the United States trustee files a report of a disputed election for trustee, the interim trustee shall serve as trustee in the case.

Fed. R. Bankr. P. 2003(d)(3).

## III.    FACTS

### A.    The Debtor

The Debtor is an individual.  The Debtor is a member of Michael S. Goldberg, L.L.C.,

d/b/a Acquisitions Unlimited Group ("AUG").  On November 23, 2009, the Debtor was arrested

on a criminal complaint filed in the District of Connecticut charging that beginning in 1997 and

continuing through 2009, in Hartford County and elsewhere, he devised and executed a scheme

to defraud investors of over $20 million through false and fraudulent representations, and in

6

doing so utilized interstate wires, in violation of 18 U.S.C. § 1343.  *See* Criminal Case No. 3:09-mj-285(DFM), ECF doc. nos. 1 and 2.  A few days prior to his arrest, the Debtor admitted to Federal Bureau of Investigation ("FBI") Special Agent Russell Day that he operated AUG and that he falsely represented to investors that he and AUG were in the business of liquidating assets held by JP Morgan Chase ("Chase").  *See* Criminal Case No. 3:09-mj-285(DFM), ECF doc. no. 2.  The Debtor induced investors to provide funds to him and AUG by promising and paying up to 20 percent quarterly returns.  *Id.*  The Debtor admitted that he had participated in the fraudulent investment scheme for the past twelve years and estimated that the number of investors exceeds one-hundred.  *Id.*  The FBI was informed of investors in Arizona, California, Connecticut, Florida, New York, and Vermont.  *Id.*  On November 23, 2009, the Debtor was ordered released after executing an unsecured bond in the amount of one million dollars and a check in the amount of $500,000.00 payable to the U.S. District Court.  *See* Criminal Case No. 3:09-mj-285(DFM), ECF doc. no. 6.

**B.      The Debtor's Chapter 7 Case**

On November 18, 2009, creditors Weinstein, Weinstein Family and McGee filed an involuntary chapter 7 petition in the instant case.[4]  See ECF doc. no. 1.  On November 19, 2009, the court issued an involuntary summons.  *See* ECF doc. no. 3.  On November 24, 2009, the Debtor filed Consent of Debtor Michael S. Goldberg to Entry of an Order for Relief Pursuant to 11 U.S.C. § 303(h).  *See* ECF doc. no. 5.  On the same day, an order for relief was entered and the Court ordered the Debtor to file, on or before December 11, 2009, such lists, schedules and

---

[4] The same day, creditors Weinstein, Weinstein Family and McGee filed an involuntary chapter 7 petition in the case of Michael S. Goldberg, L.L.C.  *See* Case No. 09-23370, ECF doc. no 1.

7

statements as are required by Fed. R. Bankr. P. 1007.  Rule 1007(a)(2) provides that:

> (2) *Involuntary Case*.  In an involuntary case, the debtor shall file within 15 days after entry of the order for relief, a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms.

Fed. R. Bankr. P. 1007(a)(2).

As of the date of this filing, the Debtor has failed to file any schedules of the assets and liabilities of the Debtor, including a Schedule E ("Creditors Holding Unsecured Priority Claims") and Schedule F ("Creditors Holding Unsecured Non-Priority Claims Liabilities"), as well as a statement of financial affairs, and a statement of executory contracts, as ordered by the court and required by Bankruptcy Rule 1007(a)(2).

### C.    The Debtor's Claims Register

The claims register for the Debtor's case, as of the Election on December 21, 2009 (the "Claims Register"), reflected the following seventeen (17) claims in the aggregate amount of $23,907,407:

| Creditor | Claim Number | Status From Proof of Claim | Claim Amount From Proof of Claim |
|---|---|---|---|
| JAAZ, LLC c/o James Tancredi, Esq. | 1 | Unsecured | $5,565,000 |
| Robert Chaderchian | 2 | Unsecured | $75,000 |
| Yvonne J. Logan | 3 | Unsecured | $597,039.31 |
| Edward L. Berlin | 4 | Unsecured | $65,000 |
| Lillian Berlin | 5 | Unsecured | $60,000 |

| Creditor | Claim Number | Status From Proof of Claim | Claim Amount From Proof of Claim |
|---|---|---|---|
| John Radocchia | 6 | Unsecured | $2,875,000 |
| Dennis Riga | 7 | Unsecured | $50,000 |
| Anthony Morris | 8 | Unsecured | $20,368 |
| Anita Sienicki | 9 | Unsecured | $18,000 |
| Bruce Weinstein c/o William Fish, Esq. | 10 | Unsecured | $9,500,000 |
| Bruce & Kathleen Weinstein Family LP c/o William Fish, Esq. | 11 | Unsecured | $1,000,000 |
| McGee Boynton Beach LP c/o William Fish, Esq. | 12 | Unsecured | $3,800,000 |
| Lawrence Lipton | 13 | Unsecured | $27,000 |
| Josephine Walsh | 14 | Unsecured | $25,000 |
| Patrice P. Keena | 15 | Unsecured | $140,000 |
| Zhang Baorui | 16 | Unsecured | $20,000 |
| Alexander H. Britnell | 17 | Unsecured | $70,000 |
| TOTAL CLAIMS | | | $23,907,407 |

Proofs of Claim 14 through 17 were filed immediately prior to the Election. A copy of the Claims Register is attached as Exhibit A.

### D.    The Trustee Election

On November 27, 2009, creditors JAAZ, Weinstein, the Weinstein Family, and McGee made an oral request to the United States Trustee for an election of a trustee in the Debtor's chapter 7 case, and followed up with a written request in a letter dated December 18, 2009. On December 21, 2009, John O'Neil, appointed interim trustee on November 24, 2009, convened the

9

Section 341 Meeting.  Attorney Gregory F. Arcaro appeared on behalf of the Debtor.[5]  The

Debtor did not appear.  Assistant United States Trustee Kim McCabe, Trial Attorney Steven

Mackey and Bankruptcy Analyst Kim Brownell presided over the Election.  Attendees were

asked to sign an attendance sheet.  A copy of the Attendance Sheet is attached as Exhibit B.

Attendees who sought to vote were requested to complete a Trustee Election Questionnaire.

Copies of completed Questionnaires are attached as Exhibit C.  In all, eighteen[6] attendees signed

the attendant sheet and thirteen attendees completed a Trustee Election Questionnaire.

In addition to the Interim Trustee, Debtor's Counsel, and members of the United States

Trustee's staff, the following parties appeared at the Election:

1.    Richard Zlatkus, member of JAAZ;
2.    Attorney James Tancredi, Counsel to JAAZ;
3.    Attorney Steven P. Ciardiello, Counsel to Faltinsky, Fournier, Reilly and Taffuri;
4.    Attorney William S. Fish, Jr., Counsel to Weinstein, Weinstein Family and McGee;
5.    Michael McGee, member of McGee;
6.    Bruce Weinstein, member of Weinstein and Weinstein Family;
7.    Robert Chaderchian;
8.    Yvonne J. Logan;
9.    Baorui Zhang;
10    Anita Sienicki;
11.   Anthony Morris;
12.   Josephine Walsh;
13.   Patrice P. Keena;
14.   Andrew Bennett;
15.   John E. Radocchia;
16.   Attorney Jeffrey R. Martin, Counsel to John Radocchia;
17.   George M. Purtill;

---

[5]Attorney Arcaro stated that he would be filing a withdrawal of appearance within 48 hours in the case of Michael S. Goldberg, L.L.C., case number 09-23371.  He declined to comment when asked by Attorney Tancredi whether his client would testify at the continued 341 meeting or assert his Fifth Amendment privilege.

[6]Attorney Tancredi did not sign the attendance sheet for this case.

10

18.     Alexander H. Britnell; and

19.     John Ash.

Attorney Fish, on behalf of Weinstein, Weinstein Family and McGee, and Attorney

Tancredi, on behalf of JAAZ, announced that they were seeking the Election.[7]  Weinstein,

Weinstein Family, McGee, and JAAZ affirmed that their Proofs of Claim filed with the court

were accurate.  The Proofs of Claim listed the following debts:

| Creditor | Claim Number | Unsecured Claim Amount |
|----------|--------------|------------------------|
| JAAZ, LLC c/o James Tancredi, Esq. | 1 | $5,565,000 |
| Bruce Weinstein c/o William Fish, Esq. | 10 | $9,500,000 |
| Bruce & Kathleen Weinstein Family LP c/o William Fish, Esq. | 11 | $1,000,000 |
| McGee Boynton Beach LP c/o William Fish, Esq. | 12 | $3,800,000 |
| TOTAL | | $19,865,000 |

Copies of the Proofs of Claim are attached as Exhibit D.  Attorney Fish stated that FBI Special

Agent Day estimated the total amount of claims due to the allegedly fraudulent scheme was

approximately $30 million and requested Day's Affidavit be marked as an exhibit.[8]  Copies of

the Criminal Complaint (case no. 3:09-mj-285) and Day's Affidavit are attached as Exhibit E.

---

[7] In response to a question posed by Attorney Tancredi asking if any other creditors sought an election, creditors John E. Radocchia, Alexander H. Britnell, Yvonne J. Logan and Robert Chaderchian stated they also sought the election of a trustee.

[8] The Assistant United States Attorney assigned to the criminal case informed the Assistant United States Trustee that 1) the investigation is ongoing, 2) the loss to investors was estimated not to exceed $30 million, and 3) approximately three-hundred investors had been identified.

The Universe of Claims based solely on the proofs of claim filed at the time of the

Election was $23,907,407. As shown below, JAAZ, Weinstein, Weinstein Family and McGee

hold undisputed fixed liquidated unsecured claims comprising eighty-three percent (83 %)[9] of all

unsecured claims filed that are allowable, undisputed fixed and liquidated claims:

| | |
|---|---|
| Universe Based on Claims Register at Time of Election | $23,907,407 |
| Total Claims Requesting Election | $19,865,000 |
| Threshold | 20% |
| Percentage | 83% |

The Assistant United States Trustee informed the attendees that at issue is whether the

proofs of claim filed at the time of the Election is sufficient to determine the universe of eligible

unsecured claims that is the basis for the calculation of the twenty percent thresholds for

requesting an election and voting pursuant to 11 U.S.C. § 702. She stated that Debtor's failure to

file Schedule F - Creditors Holding Unsecured Non-Priority Claims Liabilities - prevented the

determination of the universe of claims based solely on Schedule F and, alternatively, based on

Schedule F and the proofs of claim actually on file as of the section 341(a) meeting. She further

explained that while she did not dispute Special Agent Day's estimated loss to investors of $30

million, the majority of creditors had not been notified of the 341 meeting and the number of

creditors and their total claims were unknown. Because the Debtor had failed to file any

document listing the creditors, she stated that she would report her finding to the Court for its

_____

[9] If the unsecured claims of the four creditors (John Radocchia, Claim #6 in the amount of $2,875,000; Alexander Britnell, Claim #17 in the amount of $70,000; Yvonne Logan, Claim #3 in the amount of $597,039.31 and Robert Chaderchian, Claim #2 in the amount of $75,000) who, in response to Attorney Tancredi's inquiry, stated that they sought an election were added to the creditors requesting an election then, in total, eight creditors, representing $23,482,039 of the total unsecured claims, or 98 percent, requested an election.

12

determination of whether the twenty percent threshold had been met, and, in the event the Court

determined that the 20 percent threshold had been met, the Election results would be evaluated.

Attorney Fish nominated James Berman, Esquire of Zeisler and Zeisler, P.C., 558 Clinton

Avenue, Bridgeport, Connecticut 06605 as the trustee. No objections were made to the

nomination of Attorney Berman and no other nominees were named. No attendees objected to

proceeding with the election. The Assistant United States Trustee then distributed ballots. As

shown below, thirteen (13) unanimous ballots were cast in favor of James Berman, and the

aggregate of the claims voted was $23,705,407.

| Creditor | Claim Number | Status From Proof of Claim | Claim Amount From Proof of Claim | Voted in the Election |
|---|---|---|---|---|
| JAAZ, LLC c/o James Tancredi, Esq. | 1 | Unsecured | $5,565,000 | Yes |
| Robert Chaderchian | 2 | Unsecured | $75,000 | Yes |
| Yvonne J. Logan | 3 | Unsecured | $597,039.31 | Yes |
| John Radocchia | 6 | Unsecured | $2,875,000 | Yes |
| Anthony Morris | 8 | Unsecured | $20,368 | Yes |
| Anita Sienicki | 9 | Unsecured | $18,000 | Yes |
| Bruce Weinstein c/o William Fish, Esq. | 10 | Unsecured | $9,500,000 | Yes |
| Bruce & Kathleen Weinstein Family LP c/o William Fish, Esq. | 11 | Unsecured | $1,000,000 | Yes |
| McGee Boynton Beach LP c/o William Fish, Esq. | 12 | Unsecured | $3,800,000 | Yes |

| Creditor | Claim Number | Status From Proof of Claim | Claim Amount From Proof of Claim | Voted in the Election |
|----------|--------------|---------------------------|----------------------------------|-----------------------|
| Josephine Walsh | 14 | Unsecured | $25,000 | Yes |
| Patrice P. Keena | 15 | Unsecured | $140,000 | Yes |
| Zhang Baorui | 16 | Unsecured | $20,000 | Yes |
| Alexander H. Britnell | 17 | Unsecured | $70,000 | Yes |
| TOTAL CLAIMS | | | $23,705,407 | |

Copies of the Ballots are attached as Exhibit F.  As shown below, determining the universe of claims based solely on the Claims Register, ninety-nine percent of the eligible claims voted for the trustee:

| Universe of Claims Based on Claims Register | $23,907,407 |
|---------------------------------------------|-------------|
| Total of Unsecured Claims Voting in Election | $23,705,407 |
| Percentage (Claims Voting/Universe) | 99% |

At the conclusion of the Election,[10] the Assistant United States Trustee informed the attendees that the issues of whether creditors holding twenty percent of eligible claims requested the Election pursuant to Section 702(b) and whether James Berman was elected trustee by creditors holding twenty percent of the eligible claims pursuant to Section 702(c) remained in dispute and that the United States Trustee would file a report of election controversy with the Court.  She further advised that, after the report was filed, parties in interest may file a motion in accordance with Fed. R. Bankr. P. 2003(d)(2) requesting that the Court resolve the dispute.

---

[10]Prior to adjournment, Attorney Fish made an oral motion under 11 U.S.C. § 705 for the formation of a creditors' committee, which he requested be addressed at the continued 341 meeting schedule for January 20, 2009.

14

**IV.     CONCLUSION**

Based on the foregoing, the United States Trustee respectfully reports that she is unable to

certify the Election because of two legal issues raised at the 341 meeting requiring resolution by

the Court and files this Report of Chapter 7 Election Controversy with the Court.

Dated: New Haven, Connecticut
        December 23, 2009

> DIANA G. ADAMS
> UNITED STATES TRUSTEE
>
> By: */s/ Kim L. McCabe*
>        Kim L. McCabe/ct23661
>        Assistant United States Trustee
>
>        */s/ Steven E. Mackey*
>        Steven E. Mackey
>        Trial Attorney
>
> Office of the United States Trustee
> District of Connecticut
> 150 Court Street, Suite 302
> New Haven, Connecticut 06510
> Phone: 203.773.2210
> Fax: 203.773.2217
> E-Mail: Kim.McCabe@usdoj.gov
>               Steven.E.Mackey@usdoj.gov