UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| In RE | : | CHAPTER 7 |
| | : | |
| **MICHAEL S. GOLDBERG,** | : | CASE NO. 09-23371 (ASD) |
| | : | |
| DEBTOR. | : | |
| | : | |
| _____ | : | |
| **JAAZ, LLC,** | : | |
| | : | ADV. PROC. NO.: |
| PLAINTIFF, | : | |
| | : | |
| V. | : | |
| | : | |
| **MICHAEL S. GOLDBERG,** | : | |
| | : | |
| DEFENDANT. | : | FEBRUARY 16, 2010 |

COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF CERTAIN CLAIMS FOR
DEBTS INCURRED BY FRAUD WHILE ACTING IN A FIDUCIARY CAPACITY

JAAZ, LLC ("JAAZ" or "Plaintiff") for its Complaint against Michael S. Goldberg ("Defendant") respectfully alleges as follows:

JURISDICTION, VENUE AND STANDING

1.    The Plaintiff brings this adversary proceeding pursuant to Section 523 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

3.    Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1409(a).

COUNT ONE

41999476.1

4. The Defendant, individually and as duly authorized member of Michael S. Goldberg, LLC, d/b/a Acquistion Unlimited Group, executed two investment contracts with JAAZ, dated June 19, 2009 and November 2, 2009 which form the basis for JAAZ's Proofs of Claim and status as a creditor.

5. The Defendant, operating through his sole member limited liability company, known as Michael S. Goldberg, LLC, d/b/a Acquisitions Unlimited Group (AUG), represented to JAAZ that he and AUG were in the business of liquidating assets held by JP Morgan Chase (formerly Chase Manhattan Bank) and promised returns of up to 20% per quarter for monies invested with AUG.

6. By early November, 2009, the Defendant was in breach of the June 19, 2009 contract in that he failed to pay JAAZ principle and income due under that contract.

7. The Defendant failed to respond to JAAZ's inquiries regarding the principle and interest due, and the Defendant vacated his residence in preparation for sale, moving to an undisclosed location.

8. With the Defendant having breached one investment contract, and with another soon to reach maturity, JAAZ filed suit and sought prejudgment remedies against the Defendant.

9. On November 13, 2009 and December 8, 2009, JAAZ filed separate Complaints in Connecticut Superior Court against the Defendant and Michael S. Goldberg, LLC, d/b/a Acquisitions Unlimited Group, alleging breach of the June and November investment contracts respectively.

10. On November 18, 2009, three Creditors of the Defendant forced Michael S. Goldberg and his sole member limited liability company, Michael S. Goldberg, LLC, into involuntary Chapter Seven Bankruptcy proceedings.

11. With the filing of the involuntary bankruptcies, JAAZ's Superior Court actions against the Defendant became subject to the Automatic Stay.

12. On November 23, 2009, the Defendant was arrested by the Federal Bureau of Investigation on a criminal complaint charging him with devising and executing a scheme to defraud investors of more than $20 million over an approximately 12-year period. It is alleged that the Defendant's promises to his investors were false, that the Defendant never had a relationship with JP Morgan Chase, nor did he purchase or liquidate the assets represented in the investment contracts.

13. As reflected in the Criminal Complaint, the FBI has uncovered evidence of misconduct, fraud, malfeasance, and omission on the part Michael S. Goldberg individually and in his capacity as the sole member of Michael S. Goldberg, LLC.

14. Under 11 U.S.C. § 523, Exceptions to Discharge, the Defendant's debts to JAAZ should not be discharged for the following reasons:

(a) the Defendant obtained money from JAAZ by false pretenses, false representations, or actual fraud in accordance with 11 U.S.C. § 523(a)(2)(A); and/or

(b) the Defendant obtained money from JAAZ by use of written statements that were materially false respecting the Defendant's financial position and relationships with JP Morgan Chase (formerly Chase Manhattan Bank) on which JAAZ relied and that the Defendant caused to be made or published with intent to deceive JAAZ in accordance with 11 U.S.C. § 523(a)(4); and/or

(c) the Defendant caused willful and malicious injury to JAAZ by the Defendant's actions, in accordance with 11 U.S.C. § 523(a)(6); and/or

      (d)    the Defendant violated federal and/or state securities laws, in accordance with 11 U.S.C. § 523 (19)(A)(i).

15.    Furthermore, at all times relevant to this Complaint, the Defendant was the sole shareholder and owner of Michael S. Goldberg, LLC, and owed his investment clients a fiduciary duty to invest their funds in accordance with the investment contracts he executed.

16.    The Defendant knowingly paid returns to certain clients with other client's investment principle in a classic Ponzi scheme.

17.    The Defendant's breach of fiduciary benefitted Michael S. Goldberg, LLC, and the Defendant individually, as its sole shareholder and owner.

WHEREFORE, JAAZ, LLC hereby objects to discharge of the Defendant's debts due the Plaintiff.

Dated at Hartford, Connecticut this 16th day of February, 2010.

                JAAZ, LLC

                By    /s/ Douglas Van Valkenburg
                     James J. Tancredi, Esq. (ct06819)
                     Douglas Van Valkenburg (ct26945)
                     Day Pitney LLP
                     242 Trumbull Street
                     Hartford, CT 06103-1212
                     (860) 275-0100 (PH)
                     (860) 881-2119 (FAX)
                     jjtancredi@daypitney.com
                     dvanvalkenburg@daypitney.com